UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>    v.<br><br>Joseph R. Snider,<br><br>    Respondent. | Case No. 3:12-cv-05175<br><br>**ORDER THAT CASE BE REASSIGNED TO DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE: PETITION TO ENFORCE IRS SUMMONS BE GRANTED (DKT #1)** |

This matter came before the Court on December 6, 2012 at 10:00 a.m., upon the Court's Order to Show Cause, dated October 19, 2012 (Dkt. No. 4), requiring Respondent Joseph R. Snider ("Respondent") to appear and show cause why Petitioner the United States of America's ("United States") Verified Petition to Enforce Internal Revenue Service Summons, filed on October 5, 2012 (Dkt. No. 1) ("Petition"), should not be granted. Respondent did not file any papers in response to the Order to Show Cause, and did not appear at the hearing thereon.

Because Respondent has not consented to proceed before a Magistrate Judge, the undersigned directs the Clerk of the Court to reassign this case to a District Court Judge. In addition, having considered the moving papers and all other evidence of record, this Court has prepared a Report and Recommendation as to the instant Petition, and hereby recommends that the Petition be GRANTED.

BACKGROUND

According to the Petition, the IRS is conducting an investigation into the federal income tax liability of Respondent for the year 2009. (Petition ¶ 4). The United States asserts that Respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (Petition ¶ 9). As part of its investigation, the IRS served a summons on Respondent by leaving a copy of the summons with Respondent's wife at his last known address. (Petition ¶ 8). Respondent failed to appear at the time and place set forth in the summons. (Petition ¶ 10). When Respondent failed to appear, he was given another opportunity to appear and comply, but he failed to do so. (Petition ¶¶ 11-12). On October 5, 2012, the United States filed the instant Petition. On October 19, 2012, this Court issued an Order to Show Cause, setting a hearing for December 6, 2012 at 10:00 a.m. The United States has submitted evidence that the Petition and Order to Show Cause were served on Respondent on October 25, 2012. (Dkt. No. 5). Nerveless, Respondent failed to submit any written response to the Order to Show Cause, and failed to appear at the December 6th hearing. (Dkt. No. 6).

DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)). To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the

IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "'The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Id.* (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the *Powell* elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "'[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Den*, 968 F.2d 943, 945 (9th Cir. 1992)). "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the *Powell* requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the *Powell* elements nor the *LaSalle* requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

*Id.* at 1144-45 (internal quotes and citations omitted). While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. *See United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, it must be

1 scrutinized by the court to determine whether it seeks information relevant to a legitimate
2 investigative purpose, and the court may choose either to refuse enforcement or narrow the scope
3 of the summons.  *Id*. at 668.

4  In the instant case, the United States has met its initial burden of showing that the *Powell*
5 elements have been satisfied, largely through the verification of the Petition by Revenue Agent
6 Yang.  (Dkt. No. 1, Ex. 1).  *See Crystal*, 172 F.3d at 1144 (finding that the special agent's
7 declaration satisfied the *Powell* requirements and that the government therefore "established a
8 *prima facie* case to enforce the summonses"); *Dynavac*, 6 F.3d at 1414 (stating that the
9 government's burden "may be satisfied by a declaration from the investigating agent that the
10 *Powell* requirements have been met."); *United States v. Bell*, 57 F. Supp. 2d 898, 906 (N.D. Cal.
11 1999) ("The government usually makes the requisite *prima facie* showing by affidavit of the
12 agent.").

13  Here, the Petition indicates that the IRS's investigation is being conducted for the
14 legitimate purpose of ascertaining Respondent's federal income tax liability for the year 2009,
15 and the testimony and documents sought by the summons are likely relevant to that
16 investigation.  (Petition ¶¶ 5-7, 14 & Ex. 2).  The Petition further indicates that the information
17 requested is not already in the IRS's possession, that there has been no referral for criminal
18 prosecution of this matter, and that all administrative steps required by the Internal Revenue
19 Code for the issuance of the summons have been taken. (Petition ¶¶ 9, 13 & 15).

20  Although the record presented demonstrates that Respondent was duly served with notice
21 of these proceedings, he failed to respond at all to the Petition or the Court's Order to Show
22 Cause.  Accordingly, he has not met his burden of showing an abuse of process or lack of good
23 faith on the part of the IRS, and this Court recommends that the verified petition to enforce the
24 IRS summonses be GRANTED.

RECOMMENDATION

Based on the foregoing, this Court recommends that the Petition be granted and that an order be issued enforcing the IRS summonses and directing Respondent to fully obey the subject summons and each requirement thereof.

Any party may file objections to this Report and Recommendation with the District Court Judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Civ. L.R. 72-3.

The United States is instructed to promptly serve a copy of this Report and Recommendation on Respondent and to file a proof of service with the Court.

Dated December 10, 2012

_____
MARIA-ELENA JAMES
United States Magistrate Judge

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing [PROPOSED] (1) ORDER THAT CASE BE REASSIGNED TO DISTRICT COURT JUDGE, AND (2) REPORT AND RECOMMENDATION THAT VERIFIED PETITION TO ENFORCE IRS SUMMONS BE GRANTED has been made this 7th day of December, 2012, by placing copies in the United States Mail addressed to the following:

Joseph R. Snider
415 California Drive
Burlingame, CA 94010

                                     s/ Michael G. Pitman
                                     MICHAEL G. PITMAN
                                     Assistant United States Attorney